

CAUSE 2010CI-21382

| | | |
|---|---|---|
| TOMMY L. NEWTON, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | 438th |
| AFNI, INC. and | § | |
| DLS ENTERPRISES, INC., | § | |
| d/b/a G C SERVICES CORP. | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### WITH PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY ATTACHED

TO THE HONORALE JUDGE OF SAID COURT:

Comes now Plaintiff, Tommy L. Newton, Jr., also known as Tom L. Newton, Jr., and Tom Newton, complaining of Defendants, AFNI, Inc. and DLS Enterprises, Inc., doing business as G C Services Corp, and would show in support thereof as follows:

I.   Parties, Jurisdiction, Venue and Discovery

A. Parties

Plaintiff, Tommy L. Newton, Jr., is a natural person residing in San Antonio, Bexar County, Texas. The last three digits of Plaintiff's Social Security Number are 135. The last three digits of Plaintiff's driver's license number are 679.

Defendant, AFNI, Inc., is an Illinois corporation that does business in Texas. Its registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

Defendant, DLS Enterprises, Inc., doing business as G C Services Corp., is a Delaware corporation that does business in Texas. Its registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

### B. Jurisdiction

This Court has subject matter jurisdiction over the disputes herein because the amount in controversy exceeds the minimum jurisdictional limit of this Court.

### C. Venue

Venue is proper in this county because some or all of the events described herein accrued in this county.

### D. Discovery

Discovery will be conducted under a Level 1 Discovery Control Plan. Plaintiff seeks less than $50,000.00 in monetary relief.

### II.  Facts

At separate times during the calendar years 2008 or 2009 representatives of both AFNI, Inc. (hereinafter "AFNI") and DLS Enterprises, Inc., doing business as G C Services Corp. (hereinafter "G C Services") (AFNI and G C Services will hereinafter be collectively referred to as "Debt Collectors") contacted Tommy L. Newton, Jr. (hereinafter "Newton") in writing, at his home in San Antonio, Texas, attempting to collect a debt they alleged was owed by Newton to Dish Network. Newton responded prompted to each such communication, denying responsibility and demanding that the alleged debt be verified. Neither AFNI not G C Services produced verification of the alleged debt.

In truth and in fact Newton is not and never has been indebted to Dish Network. The Debt Collectors have never had, and will never have, credible evidence to tie Newton to any such debt. However, the Debt Collectors thereafter each reported the alleged debt to credit reporting agencies, claiming that Newton is responsible for an unpaid debt to

Dish Network. These false reports have damaged an otherwise outstanding credit history that Newton has worked years to build.

Newton discovered these false reports to credit reporting agencies in approximately September 2010, when Newton was informed that those reports were the cause of Newton's vehicle loan application being approved at a less-than-favorable interest rate. Upon learning of the false reports by the Debt Collectors, Newton wrote letters to the Debt Collectors demanding that they withdraw the false negative credit references. Instead of investigating and curing their misrepresentations that Newton owed money to Dish Network, the Debt Collectors continued to falsely and injuriously claim that Newton was and is delinquent in payment of a debt to Dish Network. Newton recently procured another vehicle loan and was charged a rate higher than that advertised for well qualified borrowers, which financial penalty is attributable to the false reports of the Debt Collectors. As a direct result, Newton has sustained damage to his credit and his reputation, and interest charges at a higher rate than would otherwise be charged to Newton but for the Debt Collectors false reports to credit reporting agencies.

### III. Causes of Action

#### A. Defamation of Credit

Both of the Debt Collectors have defamed Newton's credit by making false, defamatory statements about Newton (i.e., that he has failed to pay a legitimate debt), either intentionally as a method of attempting to extort money, or with reckless disregard for the truth. These defamatory reports to credit reporting agencies have combined to make injury to Newton in his credit reputation, and have caused Newton's creditors who have become aware of those false negative credit report items to charge increased interest

3

on loans to Newton. Newton hereby sues AFNI and G C Services for actual and punitive damages in such amount as the judge and jury may find appropriate.

### B. Unfair Debt Collection Practices

The Debt Collectors have violated the Federal Fair Debt Collection Practices Act (15 U.S.C. Section 1692, *et. seq.*) by falsely representing that Newton owes a debt that he does not owe in an effort to collect that debt. The Debt Collectors knew or should have known that their reporting was false, and they refused to withdraw their false claims after being notified of their falsity. This conduct violates 15 U.S.C. Section 1692e. Newton sustained damage to his credit and reputation, and incurred interest charges as a result, and therefore sues for his actual damages, plus $1,000.00 in statutory additional damages, pursuant to 15 U.S.C. Section 1692k.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Newton requests that AFNI and G C Services be cited to appear, that he have a trial on the merits, and be awarded such actual damages, statutory additional damages, punitive damages, court costs and interest as to which he shall be entitled.

Respectfully submitted,

*Tommy L. Newton, Jr.*
TOMMY L. NEWTON, JR.
State Bar No. 14982300
6243 IH 10 West, Suite 700
San Antonio, TX 78201
Telephone (210) 734-7488
Facsimile (210) 738-9468

PLAINTIFF

4

CAUSE NO._____

| | | |
|---|---|---|
| TOMMY L. NEWTON, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| AFNI, INC. and | § | |
| DLS ENTERPRISES, INC., | § | |
| d/b/a G C SERVICES CORP. | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

TO: DLS ENTERPRISES, INC., d/b/a G C SERVICES CORP.
To be served along with Plaintiff's Original Petition and the Citation

Pursuant to Rule 192, Texas Rules of Civil Procedure, Plaintiff, Westover Elms Homeowners Association, Inc., hereby propounds to the above-named party the following written discovery, consisting of a Request for Admissions, Request for Production, Request for Disclosure and Interrogatories. Responses, answers and objections shall be served on counsel for Plaintiff on the first business day after the expiration of fifty (50) days from the date of service this set of discovery requests on you, as required by Rules 194.3(a), 196.2(a), 197.2(a) and 198.(a), Texas Rules of Civil Procedure.

"You" means the party, or parties, to whom this request is directed, as noted above.

Respectfully submitted,

TOMMY L. NEWTON, JR.
State Bar No. 14982300
6243 IH 10 West, Suite 700
San Antonio, TX 78201
Telephone (210) 734-7488
Facsimile (210) 738-9468

PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that pursuant to Rule 21a of the Texas Rules of Civil Procedure, a true and correct copy of *Plaintiff's First Set of Written Discovery* is being attached to Plaintiff's Original Petition to be served along with Plaintiff's Original Petition and the Citation.

TOMMY L. NEWTON, JR.

## I. *REQUEST FOR ADMISSIONS*

**PLAINTIFF REQUESTS THAT YOU ADMIT THAT:**

1. You reported to one or more credit reporting agencies that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**


2. You have no documents from Dish Network indicating that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**


3. You have no documents from Tom Newton indicating that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**


4. You failed to perform an adequate investigation as to whether Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**


5. Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, promptly responded to your correspondence claiming that he owed an unpaid debt to Dish Network by denying such claim.

**RESPONSE:**


6. After Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, promptly responded to your correspondence claiming that he owed an unpaid debt to Dish Network by denying such claim you failed to conduct a proper investigation into his denial.

**RESPONSE:**

3

7.  You have not followed reasonable procedures to avoid errors in reporting unpaid debts to credit reporting agencies.

**RESPONSE:**

8.  You reported to one or more credit reporting agencies that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network, in order to try to collect that debt.

**RESPONSE:**

9.  An adequate investigation by you would have revealed that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has not failed to pay a debt owed to Dish Network.

**RESPONSE:**

10. You refused to retract the report that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network, after you were made aware that he disputes such debt, and you were unable to verify it.

**RESPONSE:**

## II. *REQUEST FOR PRODUCTION*

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at 6243 I.H. 10 West, Seventh Floor, San Antonio, Texas 78201. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. Response to these Requests, to the extent possible, shall be made in the spaces provided

4

and if additional space is needed, please use additional sheets or the back of the preceding page. <u>In responding to these Requests for Production, please organize and label the documents or items to correspond with the categories in this Request pursuant to Tex.R.Civ.P. 196.3(c).</u>

You are requested to produce the following items:

1. All documents in your file for account number 8255909593602607.

**RESPONSE:**


2. All policies and procedures your agents or employees are provided or required to follow in reporting debt to credit reporting agencies.

**RESPONSE:**


3. All documents reflecting any effort made to determine whether Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, was in fact indebted to Dish Network.

**RESPONSE:**


4. All lawsuit petitions or complaints filed against you alleging violation of the Federal Fair Debt Collection Practices Act.

**RESPONSE:**


5. All lawsuit petitions or complaints filed against you alleging defamation or defamation of credit.

**RESPONSE:**


6. Your current balance sheet showing your net worth.

**RESPONSE:**

5

7. All internal communication between your employees regarding account number 8255909593602607 made prior to January 1, 2011.

**RESPONSE:**

8. All communications between you and Dish Network regarding account number 8255909593602607.

**RESPONSE:**

9. All records regarding your research or investigation into whether the person liable to Dish Network for account number 8255909593602607 is Plaintiff herein.

**RESPONSE:**

10. All correspondence and documents involving any communications between you and any third party regarding account number 8255909593602607.

**RESPONSE:**

## III. *REQUEST FOR DISCLOSURE*

Pursuant to Rule 194, Texas Rules of Civil Procedure, you are requested to disclose the information or matters described in Rule 194.2(a)-(i), and (l).

## IV. *INTERROGATORIES*

Instructions: The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. In answering these questions, furnish

all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatory in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

1. Please state completely and fully all representations, statements, declarations or admissions made by this party which you contend are relevant.

**ANSWER:**


2. Identify each person expected to testify at trial.

**ANSWER:**


3. State your net worth, in dollars and cents.

**ANSWER:**


4. Identify each person you employed, either as an employee or independent contractor, who did any work on account number 8255909593602607, and as to each, briefly state what they did.

**ANSWER:**

5. Explain your procedures for avoiding mistakes in reporting debts to credit reporting agencies.

**ANSWER:**

6. Explain what procedures were followed, with respect to account number 8255909593602607, to avoid a mistake in reporting it to a credit reporting agency.

**ANSWER:**

7. If you claim that you are not liable as Plaintiff has alleged you are, state why you contend you are not liable, explaining in full detail the basis for your contention.

**ANSWER:**

CAUSE NO._____

| | | |
|---|---|---|
| TOMMY L. NEWTON, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| AFNI, INC. and | § | |
| DLS ENTERPRISES, INC., | § | |
| d/b/a G C SERVICES CORP. | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

TO: AFNI, INC.
To be served along with Plaintiff's Original Petition and the Citation

Pursuant to Rule 192, Texas Rules of Civil Procedure, Plaintiff, Westover Elms Homeowners Association, Inc., hereby propounds to the above-named party the following written discovery, consisting of a Request for Admissions, Request for Production, Request for Disclosure and Interrogatories. Responses, answers and objections shall be served on counsel for Plaintiff on the first business day after the expiration of fifty (50) days from the date of service this set of discovery requests on you, as required by Rules 194.3(a), 196.2(a), 197.2(a) and 198.(a), Texas Rules of Civil Procedure.

"You" means the party, or parties, to whom this request is directed, as noted above.

Respectfully submitted,

*[signature]*

TOMMY L. NEWTON, JR.
State Bar No. 14982300
6243 IH 10 West, Suite 700
San Antonio, TX 78201
Telephone (210) 734-7488
Facsimile (210) 738-9468

PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that pursuant to Rule 21a of the Texas Rules of Civil Procedure, a true and correct copy of *Plaintiff's First Set of Written Discovery* is being attached to Plaintiff's Original Petition to be served along with Plaintiff's Original Petition and the Citation.

*[signature]*

TOMMY L. NEWTON, JR.

2

## I. *REQUEST FOR ADMISSIONS*

**PLAINTIFF REQUESTS THAT YOU ADMIT THAT:**

1. You reported to one or more credit reporting agencies that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**

2. You have no documents from Dish Network indicating that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**

3. You have no documents from Tom Newton indicating that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**

4. You failed to perform an adequate investigation as to whether Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network.

**RESPONSE:**

5. Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, promptly responded to your correspondence claiming that he owed an unpaid debt to Dish Network by denying such claim.

**RESPONSE:**

6. After Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, promptly responded to your correspondence claiming that he owed an unpaid debt to Dish Network by denying such claim you failed to conduct a proper investigation into his denial.

**RESPONSE:**

7. You have not followed reasonable procedures to avoid errors in reporting unpaid debts to credit reporting agencies.

**RESPONSE:**

8. You reported to one or more credit reporting agencies that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network, in order to try to collect that debt.

**RESPONSE:**

9. An adequate investigation by you would have revealed that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has not failed to pay a debt owed to Dish Network.

**RESPONSE:**

10. You refused to retract the report that Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, has failed to pay a debt owed to Dish Network, after you were made aware that he disputes such debt, and you were unable to verify it.

**RESPONSE:**

## II. *REQUEST FOR PRODUCTION*

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at 6243 I.H. 10 West, Seventh Floor, San Antonio, Texas 78201. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. Response to these Requests, to the extent possible, shall be made in the spaces provided

4

and if additional space is needed, please use additional sheets or the back of the preceding page. <u>In responding to these Requests for Production, please organize and label the documents or items to correspond with the categories in this Request pursuant to Tex.R.Civ.P. 196.3(c).</u>

You are requested to produce the following items:

1. All documents in your file for account number 1019211976.

**RESPONSE:**


2. All policies and procedures your agents or employees are provided or required to follow in reporting debt to credit reporting agencies.

**RESPONSE:**


3. All documents reflecting any effort made to determine whether Tom Newton, now residing at 7914 Winecup Hill, formerly residing at 18810 Brookwood Forest, San Antonio, TX, was in fact indebted to Dish Network.

**RESPONSE:**


4. All lawsuit petitions or complaints filed against you alleging violation of the Federal Fair Debt Collection Practices Act.

**RESPONSE:**


5. All lawsuit petitions or complaints filed against you alleging defamation or defamation of credit.

**RESPONSE:**


6. Your current balance sheet showing your net worth.

**RESPONSE:**

5

7. All internal communication between your employees regarding account number 1019211976 made prior to January 1, 2011.

**RESPONSE:**

8. All communications between you and Dish Network regarding account number 1019211976.

**RESPONSE:**

9. All records regarding your research or investigation into whether the person liable to Dish Network for account number 1019211976 is Plaintiff herein.

**RESPONSE:**

10. All correspondence and documents involving any communications between you and any third party regarding account number 1019211976.

**RESPONSE:**

### III. *REQUEST FOR DISCLOSURE*

Pursuant to Rule 194, Texas Rules of Civil Procedure, you are requested to disclose the information or matters described in Rule 194.2(a)-(i), and (l).

### IV. *INTERROGATORIES*

Instructions: The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. In answering these questions, furnish

6

all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatory in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

1. Please state completely and fully all representations, statements, declarations or admissions made by this party which you contend are relevant.

**ANSWER:**


2. Identify each person expected to testify at trial.

**ANSWER:**


3. State your net worth, in dollars and cents.

**ANSWER:**


4. Identify each person you employed, either as an employee or independent contractor, who did any work on account number 1019211976, and as to each, briefly state what they did.

**ANSWER:**

5. Explain your procedures for avoiding mistakes in reporting debts to credit reporting agencies.

**ANSWER:**


6. Explain what procedures were followed, with respect to account number 1019211976, to avoid a mistake in reporting it to a credit reporting agency.

**ANSWER:**


7. If you claim that you are not liable as Plaintiff has alleged you are, state why you contend you are not liable, explaining in full detail the basis for your contention.

**ANSWER:**

8