

# SPROTT, RIGBY, NEWSOM, ROBBINS & LUNCEFORD P.C.
### ATTORNEYS AT LAW

Kandy Messenger
Associate

2211 Norfolk, Suite 1150
Houston, Texas 77098
Phone: (713) 523-8338
Fax: (713) 523-9422

Writer's Email Address:
messenger@sprottrigby.com

January 26, 2011

Mr. Donna Kay McKinney
BEXAR COUNTY DISTRICT CLERK
300 Dolorosa, 2nd Floor
San Antonio, Texas 78205

**Via Efile**

Re: Cause No. 2010CI-21382. *Tommy L. Newton, Jr. v. AFNI, Inc. and DLS Enterprises, Inc. d/b/a GC Services Corp.*; In the 438th Judicial District Court of Bexar County, Texas

Dear Ms. McKinney:

Enclosed please find the following for filing in the above-referenced matter:

1. **DEFENDANT'S, DLS ENTERPRISES, INC. D/B/A GC SERVICES CORP., ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES.**

We would appreciate your noting the time and date of filing on this letter and returning same to us. Thank you for your assistance.

Sincerely,

Kandy E. Messenger

KEM:dcr/414.000021
Court.02.Answer Orgl

cc:
Tommy L. Newton, *Pro Se*
6243 IH 10 West
Suite 700
San Antonio, Texas 78201

*Via CM/RRR 70101060000243916934*
*& EFile & Fax 210-738-9468*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _P.E._  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)
P. ESCOBAR

C. Date of Delivery
1/28/11

1. Article Addressed to:

Tommy L. Newton, *Pro Se*
6243 IH 10 West
Ste 700
San Antonio, Texas 78201

KEM Newton Answer Org

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article (Tran.)  7010 1060 0002 4391 6934

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here
Newton
v.
EC Senior

Sent To: Newton, Tommy
Street, Apt. No.; or PO Box No.: 6243 IH 10 West
City, State, ZIP+4: San Antonio, TX

7010 1060 0002 4391 6934

PS Form 3800, August 2006   See Reverse for Instructions

2010CI-21382

| | | |
|---|---|---|
| TOMMY L. NEWTON, JR. | § | IN THE DISTRICT COURT |
| V | § | OF BEXAR COUNTY, TEXAS |
| AFNI, INC. and DLS ENTERPRISES,INC. d/b/a GC SERVICES CORP. | § | 438TH JUDICIAL DISTRICT |

## DEFENDANT'S, DLS ENTERPRISES, INC. D/B/A GC SERVICES CORP., ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, DLS ENTERPRISES, INC D/B/A GC SERVICES, CORP, Defendant in the above-entitled and numbered cause, and files its Original Answer and Affirmative Defenses to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

### I. GENERAL DENIAL

1.  Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition or latest petition, says that the allegations therein are not true, either in whole or in part, and demands strict proof thereof.

### II. INTEREST

2.  Plaintiff alleges he is entitled to pre-judgment and post-judgment interest. He also alleges that he will suffer future injuries as a result of Defendant's actions.

3.  Pursuant to Section 304 of the Texas Finance Code, pre-judgment may not be assessed or recovered on an award of future damages. *See* TEX. FIN. CODE ANN. §304.1045 (Vernon Supp. 2004). Pre-judgment interest accrues on the amount of the judgment during the period on the earlier of the 180th day after the date in which Defendant receives written notice of Plaintiff's claim or the date on which suit is filed and ending on

the day preceding the date on which judgment is rendered. *Id.* at § 304.104. Prejudgment interest is computed as simple interest and does not compound. *Id.*

4. The post judgment interest rate is either the prime rate as published by the Federal Reserve Bank of New York on the date of computation; 5% a year if the prime rate as published is less than 5%; or 15% a year if the prime rate is published as more than 15%. *Id* § 304.003. Defendant further answers that the calculation of post-judgment interest is governed by TEX. FIN. CODE §304.003(c).

5. Defendant further answers that the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Defendant hereby invokes its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

    a. Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial;

    b. In awarding pre-judgment interest, Plaintiff, in effect, receives double any pre-judgment increase in the value of her case because a jury has already taken into account the time value of money and pre-judgment interest added to the jury's verdict constitutes an award amounting to double recovery; and,

c.   If pre-judgment interest is to be assessed, it should be assessed on a jury verdict rendered at a time of the occurrence in question and not on a verdict rendered at the time of the trial of this case.

### III.  MITIGATION OF DAMAGES

6.   The Plaintiff could have, by reasonable effort, mitigated the damages alleged, but Plaintiff failed to do so. Thus, the extent of the Plaintiff's damages, if any, should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount, if any, that Plaintiff actually has mitigated.

### IV.  EXEMPLARY DAMAGES CAP

7.   If Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act and the Due process Clause of the United States and Texas Constitutions.

### V. AFFIRMATIVE DEFENSES

8.   Plaintiff has failed to assert a claim in which relief may be granted.

9.   Any damages allegedly suffered by Plaintiff, which Defendant denies, were not proximately caused by Defendant.

10.  Some or all of Plaintiff's claims against Defendant are subject to a dismissal as for Plaintiff's claims are barred, in whole or in part, by limitations. See TEX. CIV. PRAC. & REM. CODE. §16.003; 15 U.S.C. §1692, et. seq.

11.  Some or all of Plaintiff's claims against Defendant are subject to a dismissal as for Defendant is not a debt collector as defined by 15 U.S.C. §1692, et. seq.

12.  Plaintiff lacks standing to assert some or all of his claims against Defendant.

13. Defendant reserves the right to assert additional affirmative defenses or avoidances.

14. Plaintiff has not performed all conditions precedent that Plaintiff is required to perform before filing suit.

15. Defendant further answers that Plaintiff's damages, if any, were proximately caused in whole or in part by the Plaintiff's own negligence and/or intentional behavior.

16. For further answer herein, and in the alternative, Defendant would show unto the Court that the incidents was solely caused by third persons, for whose acts these Defendant is not responsible.

17. Defendant further answers that this Defendant is or may be entitled to certain credits and/or off-sets pursuant to the common law of the State of Texas and/or Chapter 32 and/or Chapter 33 of the Texas Civil Practice & Remedies Code for any settlements by the Plaintiff.

18. Exemplary damages are not recoverable under the 15 U.S.C. §1692, et. seq.

19. Defendant did not engage in any intentional or reckless disregard conduct, including but not limited to speech, which would entitle Plaintiff to a recovery of exemplary damages.

20. Defendant asserts "truth" as an affirmative defense to Plaintiff's defamation of credit claims.

21. Defendant asserts "consent" as an affirmative defense to some or all of Plaintiff's claims against Defendant.

22. Defendant asserts "waiver" as a an affirmative defense to some or all of Plaintiff's claims against Defendant.

23. Defendant denies that Plaintiff is entitled to attorney fees from this Defendant as

alleged.

24.   No act or omission of Defendant, which act or omission Defendant denies, rises to the level of reckless, willful, wanton, intentional, knowing, and/or malice, and/or was the result of a bona fide error pursuant to 15 U.S.C § 1692, et. al.; therefore, Defendant did not have the requisite intent. Defendant asserts the affirmative defense that Defendant has established and implemented, with due care, reasonable practices and procedure to effectively prevent violations of regulations prescribed under the FDCPA.

25.   Defendant denies that Plaintiff has sustained any actual damages in this matter. Defendant further asserts that an award of statutory damages in absence of any actual damages would be a denial of its right to due process under Texas and US law.

26.   Defendant avers that Plaintiff asserted an unreasonable debt collection claim against Defendant under both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. al. ("FDCPA") and common law defamation of credit, seeking damages under federal statute and common for the same purported injury(ies). Plaintiff is barred from double recovering for the same injury and may not be awarded double recover for actual damages under both federal and common law for the same injury(ies) or damages.

27.   Defendant reserves the right to amend its answer to assert additional defenses as more information becomes discovered or learned throughout the course of litigation.

### VI.   DEMAND FOR JURY TRIAL

28.   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial and fee has been previously tendered.

WHEREFORE, PREMISES CONSIDERED, Defendant DLS ENTERPRISES, INC.

Defendant's, DLS ENTERPRISE, INC. D/B/A GC SERVICES, CORP. Original Answer and Affirmative Defenses

5

D/B/A GC SERVICES CORP., prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and go hence without costs, without day, and for all such other and further relief, both general and special, at law and in equity, to which these Defendant may show itself justly entitled.

Respectfully submitted,

**SPROTT, RIGBY, NEWSOM ROBBINS, & LUNCEFORD, P.C.**

By: _____
KANDY E. MESSENGER
State Bar No. 24053360
2211 Norfolk, Suite 1150
Houston, Texas  77098
Tel: (713) 523-8338
Fax: (713) 523-9422

**ATTORNEY FOR DEFENDANT
DLS ENTERPRISES, INC. D/B/A
GC SERVICES CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via facsimile, and/or by certified mail, return receipt requested on this the 26TH OF January 2011, as follows:

TOMMY L. NEWTON, JR., pro se  
State Bar. 14982300  
6243 IH 10 West Suite 700  
San Antonio, Texas 78201  
(210) 734-7488 Telephone  
(210) 738-9468 Facsimile  

Via CMRRR 7010 1060 0002 4391 6934

_____  
Kandy E. Messenger



Kandy Messenger
Associate

2211 Norfolk, Suite 1150
Houston, Texas 77098
Phone: (713) 523-8338
Fax: (713) 523-9422

Writer's Email Address:
messenger@sprottrigby.com

# FACSIMILE TRANSMITTAL COVER SHEET

TO:     **Tommy L. Newton, *Pro Se***
        **210-738-9468**

FROM:   Kandy E. Messenger

DATE:   January 26, 2011

TOTAL NUMBER OF PAGES:  9
(including cover sheet)

RE:  Civil Cause of 2010CI-21382; *Tommy L. Newton v. AFNI, Inc. and DLS Enterprises, Inc. d/b/a GC Services Corp.*; In the 438th Judicial District Court of Bexar County, Texas.

COMMENTS:   DEFENDANT'S, DLS ENTERPRISES, INC. D/B/A GC SERVICES CORP., ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

### CONFIDENTIALITY NOTE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

FAXED

JAN 2 6 2011

IF YOU DO NOT RECEIVE ALL PAGES OF THIS FACSIMILE, PLEASE CONTACT __Receptionist__ AT (713) 523-8338. THANK YOU.

```
              TRANSMISSION VERIFICATION REPORT

                                              TIME    : 01/26/2011 13:27
                                              NAME    :
                                              FAX     : 7135219439
                                              TEL     : 7135238338
                                              SER.#   : BROD8J800473


  DATE,TIME                            01/26  13:22
  FAX NO./NAME                         92107389468
  DURATION                             00:04:01
  PAGE(S)                              08
  RESULT                               OK
  MODE                                 STANDARD
                                       ECM
```



# SPROTT, RIGBY, NEWSOM, ROBBINS & LUNCEFORD p.c.
## ATTORNEYS AT LAW

Kandy Messenger
Associate

2211 Norfolk, Suite 1150
Houston, Texas 77098
Phone: (713) 523-8338
Fax: (713) 523-9422

Writer's Email Address:
messenger@sprottrigby.com

## FACSIMILE TRANSMITTAL COVER SHEET

TO:     **Tommy L. Newton**, *Pro Se*
        **210-738-9468**

FROM:   Kandy E. Messenger

DATE:   January 26, 2011

TOTAL NUMBER OF PAGES: _9_
(including cover sheet)

RE:     Civil Cause of 2010CI-21382; *Tommy L. Newton v. AFNI, Inc. and DLS Enterprises, Inc. d/b/a GC Services Corp.*; In the 438th Judicial District Court of Bexar County, Texas.

COMMENTS:   DEFENDANT'S, DLS ENTERPRISES, INC. D/B/A GC SERVICES CORP.,
            ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME    : 01/26/2011 13:33
                                              NAME    :
                                              FAX     : 7135219439
                                              TEL     : 7135238338
                                              SER.#   : BROD8J800473


DATE,TIME                           01/26 13:33
FAX NO./NAME                        92107389468
DURATION                            00:00:36
PAGE(S)                             01
RESULT                              OK
MODE                                STANDARD
                                    ECM
```

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via facsimile, and/or by certified mail, return receipt requested on this the 26TH OF January 2011, as follows:

TOMMY L. NEWTON, JR., pro se          Via CMRRR 7010 1060 0002 4391 6934
State Bar. 14982300
6243 IH 10 West Suite 700
San Antonio, Texas 78201
(210) 734-7488 Telephone
(210) 738-9468 Facsimile

_Kandy E. Messenger_
Kandy E. Messenger

Support: (877) 433-4533




Your Account | Submit a Filing | Review Filings / eService | Jurisdictions | Filing Reports | eService Profile | Sign Out

## Submit a Filing



Have a Question? Try Our Live Chat. ONLINE

Your submission was successful! Your trace number is **ED015J016150868**. The details of your filing are shown below. To view a printable version of your filing summary, click here.

To view the status of this and other submissions, click the "Review Filings" tab above.

**Submit another filing**

| Timestamp: |
|---|
| 01/26/2011 12:08:47 PM (Central (U.S. and Canada)) |

This is not your official receipt. Your receipt may be viewed in Review Filings after your Filing Status changes to "Confirmation".

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $9.06 |
| Court Filing Fees | $2.00 |
| CaseFileXpress eService Fee | $4.50 |
| CaseFileXpress Filing Fee | $10.00 |
| **Total cost of filing:** | **$25.56** |

### Personal Information

**Filer:** donna91
**Attorney of Record:** kandy54
**Name:** Kandy Messenger
**Law Firm or Organization:** Sprott Rigby Newsom Robbins & Lunceford PC
**Bar Number:** 24053360
**Filer Position:** 24053360
**Address:** 2211 Norfolk
Suite 1150
Houston, TX 77098
**Phone:** (713) 523-8338
**Fax:** (713) 523-9422
**Email:** messenger@sprottrigby.com

### Payment Information

**Payment Method:** Credit Card
**Address:** 3106 Nottingham
Houston, TX 77005
**Credit Card Type:** VISA
**Credit Card #:** XXXX XXXX XXXX 4954
**Cardholder Name:** Alana Little

### Filing Information

**Case Title:** Tommy L. Newton v. AFNI, Inc. and DLS Enterprises, Inc. d/b/a GC Services Corp.
**Sealed Case:** No
**County Name:** Bexar
**Court Type:** District
**Court Name:** 438th District Court
**Cause/Case Number:** 2010CI21382
**Document Type:** Pleading - No Fee
**Plaintiff Attorney(s):**
Tom Newton - Electronic service of copies
**Defendant Attorney(s):**
Kandy Messenger
**Judge(s):**
**Special Instructions:** As requested, the Pleading is filed before the filing letter.
**Client Matter #:** 414.30

### Document Information

**File Name:** Answer org to efile.pdf
**Attachments (1):**
Clerk02Answer Org to efile.pdf

Copyright 2003 - 2011, CaseFileXpress, All rights reserved.